57 CCPA

## Application of Yves Georges GODRON.
## Patent Appeal No. 8336.

United States Court of Customs
and Patent Appeals.
July 23, 1970.

John L. Seymour, New York City (Bauer & Seymour), New York City, attorney of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents, Fred W. Sherling, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claims 24–29 in appellant's patent application serial No. 218,844, filed August 23, 1962, for Graphite-Glass Compositions and Method of Making Same. We reverse the board's decision.

Appellant's application discloses compositions of glass and graphite made by mixing graphite powder with glass powder, the graphite particles being less than 50 microns (mu) in size and the glass particles being less than 30 mu in size. The glass particles are of a glass having a viscosity below $10^4$ poises at 700°C. and forming, when poured on a flat graphite surface, an interior contact angle of less than 45°. Claims 24 and 25 on appeal recite a batch mixture consisting essentially of graphite and glass particles of limited size in which the glass is of a type which when molten and at rest on a smooth and horizontal graphite plate has the planes tangent to its surface at the circumference of contact making with the plate an interior angle less than 45° and less than 15° respectively. Claims 26 and 27 recite a glass-graphite object made from the mixtures defined in claims 24 and 25. Claims 28 and 29 recite methods of making machinable glass-graphite objects from such mixtures. Claims 26 and 28 are illustrative of the appealed claims and read as follows:

26. A glass-graphite object consisting in its essential elements of particles of graphite less than 50 mu in size, embedded in a matrix of glass, the glass in the piece being between 90 and 25 parts by volume and the graphite being respectively between 10 and 75 parts by volume, the glass having a viscosity below $10^4$ poises at 700°C., and having an interior contact angle with a flat graphite surface, when molten, less than 45°.

28. A method of making machinable, electrically conductive, glass-graphite objects which comprises mixing 10 to 75 parts by volume of graphite with 90 to 25 parts by volume, respectively, of finely divided glass, the graphite being in particles less than 50 mu in size, the glass having a viscosity below $10^4$ poises at 700°C., and having an interior contact angle with a flat graphite surface, when molten, less than 45°, shaping the mixture under pressure at room temperature,

molding it at agglomerating temperature under pressure, and cooling the molded object under pressure to a point below the temperature corresponding to the maximum point reached on the complete thermal expansion curve of the glass.

The board in its first decision affirmed the examiner's rejection of claims 24–27 as being unpatentable (35 U.S.C. § 103) over Schwartzwalder et al.[1] in view of Suchow.[2] The board extended this rejection, under Rule 196(b), to method claims 28 and 29. Appellant presented an argument and affidavit to the examiner, who then made final the rejection of process claims 28 and 29. The board in its second decision sustained the rejection of claims 28 and 29 stating that the claimed process would have been obvious to a person of merely ordinary skill in the subject art from the references relied on.

Schwartzwalder discloses sealing the gap between a ceramic sleeve and the metal electrodes of a spark plug by inserting as a sealing material a pellet of glass and graphite between the electrodes, heating the assembly to fuse or soften the pellet, and then screwing down the upper electrode to make the seal. Schwartzwalder does not mention the relation of the glass to the graphite but states that the sealing material may be a mixture of powdered glass and 10 to 60 percent flake graphite. Suchow discloses the manufacture of a black nacreous graphite pigment for mother-of-pearl effects. Suchow shows the preparation of plate-like crystals of graphite by milling graphite suspended in a liquid carrier and suggests that the nacreous pigments may be incorporated in lacquer or plastics. Suchow suggests that they may be dispersed in molten glass and may be oriented by the operations used in molding or blowing the glass. Neither Schwartzwalder nor Suchow discloses any recognition of the fact that some glasses will wet graphite and that such glasses can be defined by physical test.

Appellant's specification states that the ability to wet may be determined by placing a gob of glass on a flat graphite plate, allowing it to sink to equilibrium and measuring the angle between the surface of the horizontal plate and the tangent to the gob at the point of contact. If the interior angle thus measured is less than 45° and preferably less than 15°, the glass will adhere to graphite. Appellant's claimed mixtures, objects and methods utilize such as glass which wets graphite particles and is moldable at a temperature sufficiently low to avoid any substantial oxidation of the graphite. Appellant discloses that objects formed from the particular mixtures may be machined, take a specular polish, resist water, have a low coefficient of expansion, resist oxidation, and possess other desirable properties.

Appellant contends that the board erred in holding that it was incumbent upon the appellant to show that the Schwartzwalder glass compositions did not meet a test for wettability. We agree that it is improper to require comparative evidence where a reference is devoid of any suggestion of the claimed invention. See In re Nelson, 134 F.2d 187, 30 CCPA 864 (1943). The Schwartzwalder disclosure provides no reasonable basis for a prima facie conclusion of obviousness. Under these circumstances there is no need for comparative evidence. Appellant did submit an affidavit purporting to detail certain tests of the Schwartzwalder sealing composition. The examiner held the affidavit of no probative value and the board held that the affidavit was not entitled to much weight. In view of our conclusion that it was not necessary for the appellant to furnish comparative evidence in this case, we deem it unnecessary to pass on the adequacy of appellant's affidavit.

1. U. S. Patent 2,106,578, January 25, 1938.

2. U. S. Patent 2,875,076, February 24, 1959.

Appellant further urges that the board erred in stating that the glass in Schwartzwalder forms a leak-free bond which suggests that the graphite is sufficiently wetted to give tight bonding. The Schwartzwalder disclosure contains no mention of glass wetting the graphite or wetting metals added thereto to increase the electrical conductivity of the sealing material. It seems to us to be mere speculation to assert that the Schwartzwalder bond results from wetting. The sealing process disclosed by Schwartzwalder is one of compression.

■ We conclude that the Schwartzwalder disclosure and the Suchow disclosure taken together or separately would not have made the subject matter of the appealed claims obvious to a person having ordinary skill in the graphite-glass art. Accordingly, the decision of the board on each of the claims in issue is *reversed*.

Reversed.